# United States District Court
# District of Massachusetts

---

UNITED STATES OF AMERICA,

        v.                  CRIMINAL NO. 2009-10052-RGS

EARL DESSESAURE,
         Defendant.

---

## *ORDER OF DETENTION PENDING TRIAL*

**COLLINGS, U.S.M.J.**

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

\_\_\_    (1)    The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
        \_\_\_    a crime of violence as defined in 18 U.S. C. §3156(a)(4).
        \_\_\_    an offense for which the maximum sentence is life imprisonment or death.
        \_\_\_    an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Enforcement Act.
        \_\_\_    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

\_\_\_    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

\_\_\_    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

\_\_\_    (4)    Findings Nos (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonable assure the safety of (an)other person(s) and the

community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

\_\_\_ (1) There is probable cause to believe that the defendant has committed an offense.
        \_\_\_ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act
        \_\_\_ under 18 U.S.C. §924(c).

\_\_\_ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community.

### Alternative Findings (B)

_X_ (1) There is a serious risk that the defendant will not appear.
_X_ (2) There is a serious risk that the defendant will endanger the safety of another person or the community if released.

### Part II - Written Statement of Reasons for Detention

This is a case in which the Grand Jury returned a new indictment after a previous indictment (03cr10191) was dismissed without prejudice for Speedy Trial Act violations. The charges in the new indictment are identical to those in the first indictment. The defendant first appeared on the charges on May 23, 2003 and he has been held in pretrial detention since that time. Judge Alexander issued an Order on Detention on June 4, 2003 (copy attached) and Judge Gertner denied release pending the Government's appeal of her decision to dismiss the indictment with prejudice on December 28, 1997. A transcript of that hearing has been prepared. *See* #66 in 03cr10191.

Since the defendant has been in pretrial detention for almost six years, an extraordinarily long time, the Court would prefer to be able to find conditions of release which would reasonably assure the defendant's appearance and the safety of other persons and the community. Unfortunately, the Court is unable to do so. Other than the long period of time spent in pretrial detention, the record before me is the same record which was before Judge Alexander and Judge Gertner. The conditions proposed by defense counsel before me were proposed before those two judicial officers and rejected.

Accordingly, I adopt and incorporate by reference all findings and conclusions contained in Judge Alexander's Order of Detention of June 4, 2003 and Judge Gertner's conclusions stated in open Court on December 28, 2007.

I find by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure the defendant's appearance and by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of other persons and the community..

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appear. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

/s/ Robert B. Collings
_____
ROBERT B. COLLINGS
United States Magistrate Judge

Dated: May 6, 2009.